UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GRAY A. COMBS,

    Petitioner,

v.              Case No. 5:05-cv-341-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## ORDER DISMISSING PETITION

  Petitioner initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from eleven Citrus County criminal convictions for various offenses. The Respondents have filed a Response (Doc. 8) asserting that the Petition raises no issues that are cognizable on federal habeas review, and Petitioner has replied to the Response (Doc. 10). Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply, the Court concludes that the Petition must be dismissed.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## Procedural Background

The procedural history of Petitioner's criminal cases is summarized in the Response, and Petitioner does not dispute the accuracy of that summary. In brief, Petitioner's eleven criminal cases culminated in a violation-of-community-control proceeding at which Petitioner admitted the violations, pleaded nolo contendre to his remaining pending cases, and received eleven sentences of imprisonment.[2] Petitioner appealed, and his convictions and sentences were affirmed on March 25, 2003. See App. tab A. at 143.

Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), alleging that his sentences were illegal because they were based upon one scoresheet even though he was sentenced for numerous offenses. App. tab C. Petitioner asserted no federal constitutional issues in his motion. See id. Following an evidentiary hearing, Petitioner was resentenced to five-year consecutive terms in two cases, followed by a consecutive 50-month term in one case, and concurrent 50-month terms in the other cases. App. tab C. 9-19, tab D. 24-27. Petitioner's sentences were affirmed on appeal on February 8, 2005. App. tab C. at 65. Petitioner unsuccessfully pursued other motions under Rule 3.800(a) and 3.800(c). App. tab E. Respondent concedes that, allowing for tolling during the pendency of state collateral review, the Petition was timely filed within the one-year limitation

---

[2]Petitioner's offenses included a controlled substance offense, organized fraud, grand theft, introduction of contraband into a county detention facility, and seven counts of burglary of a structure. See Doc. 8.

period under 28 U.S.C. § 2244(d)(1).  See Doc. 8.

**Petitioner's Claims and Discussion**

Petitioner asserts three claims for relief in the Petition: (1) that the trial court erred in revoking probation and sentencing him in three of his cases when probation had already been served; (2) that the trial court erred in changing one of his sentences on resentencing; (3) that he received ineffective assistance of appellate counsel because counsel did not file a Rule 3.800(b) motion as requested by Petitioner; and (4) that he did not receive all sentence credit due for periods on probation and community control.

For the reasons stated by the Respondents in their Response to Petition (Doc. 8), Petitioner does not raise any issues that are cognizable on federal habeas review because Petitioner makes no claims of federal constitutional error.[3]  With respect to Petitioner's Claims One, Two, and Four, such claims pertain to the application of state sentencing guidelines.  Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.  See Jones v. Estelle, 622 F.2d 124, 126 (5th Cir. 1980); Nichols v. Estelle, 556 F.2d 1330, 1331 (5th Cir. 1977); Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976).  Because it is not the province of this Court to "reexamine state-court determinations on state-law questions,"[4] Petitioner's claims are not cognizable on federal habeas review and

---

[3] See 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 730, (1991).

[4] Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

therefore must be dismissed. Although Petitioner conclusionally asserts in his reply to the response that his sentences violate double jeopardy protections and due process, merely couching a state law issue in federal constitutional terms does not give rise to a cognizable habeas claim. See Willeford, 538 F.2d at 1198.

Petitioner's fourth claim also is not cognizable on federal habeas review because there is no Sixth Amendment right to counsel on postconviction collateral review. See Barbour v. Haley, 471 F.3d 1222, 1228 (11th Cir. 2006). To the extent that the Petition may be liberally construed as asserting that Petitioner's counsel rendered ineffective assistance in connection with the appeal from Petitioner's resentencing, Petitioner makes no cogent argument that counsel's performance was deficient or that Petitioner was prejudiced by counsel's performance. See Strickland v. Washington, 466 U.S. 668 (1984); Docs. 1, 10.

## Conclusion

For the reasons set forth in this order, the Petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 16th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Gray A. Combs
 Counsel of Record